## CITY OF CHICKASHA v. WHITE *et al.*

No. 5317.   Opinion Filed February 16, 1915.

(146 Pac. 578.)

1.   MUNICIPAL CORPORATIONS—Streets—Wrongful Death—Evidence. In an action against a city to recover damages for death of a person, caused by the alleged defective condition of its streets, it is competent to show that while the streets were in the same condition accidents of a similar nature had occurred at the same place a short time prior thereto.

2.   MUNICIPAL CORPORATIONS—Streets—Wrongful Death—Evidence. In an action against a city for injuries resulting in death by reason of the alleged defective condition of its streets, it was not error for the court to admit evidence of other instances in which accidents had happened a short time prior thereto, though it was admitted by stipulation that the city had notice of such conditions.

3.   APPEAL AND ERROR—Presentation for Review—Instructions—Evidence. Where no abstract of the evidence is contained in

brief of plaintiff in error and the instructions are not set out therein, assignments of error which require the examination of the evidence and instructions will not be considered by the Supreme Court.

(Syllabus by the Court.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Action by John White and others against the City of Chickasha, a municipal corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Harry Hammerly,* City Atty., for plaintiff in error.

*Welborne, Herndon & Durbin,* for defendants in error.

HARDY, J. Defendants in error filed their petition in the district court of Grady county, against plaintiff in error, seeking to recover damages for the death of William White, which is alleged to have occurred on or about the 25th day of July, 1912, by reason of the defective condition of the streets of the said city at a point where Tenth street intersects Arkansas avenue. Issues were properly joined by the pleadings, and the case tried to a jury, and a verdict rendered for the defendants in error.

In the brief of counsel for plaintiff in error, they complain of the action of the court in permitting the defendants in error to introduce evidence of other accidents at the same place, after notice of the actual condition of the street had been admitted by plaintiff in error; and the second and third assignments of error complain of the judgment of the court because it is not supported by the evidence and contrary to law; and the fourth assigns error in overruling the motion for a new trial.

At the trial of the case defendants in error were permitted to prove that others had driven over the point where the death

occurred, and had experienced accidents at that place, and the action of the court in permitting this evidence to be introduced is vigorously assailed and urged as grounds for reversal in this case. All the testimony complained of related to events closely associated, prior in time with the accident resulting in the death of the said White, and at the point where said death occurred. The question of the admissibility of this testimony has heretofore been determined in *City of Kingfisher v. Altizer,* 13 Okla. 121, 74 Pac. 107, which was an action against the city to recover damages for injuries resulting from a fall from a defective bridge; and it was held competent for plaintiff to show that, while the bridge was in the same condition, accidents of a similar nature had occurred at the same place, a short time prior thereto. In passing upon the precise question, the court said:

"The next error assigned and argued is that the court erred in permitting the plaintiff to introduce evidence tending to prove that other accidents had occurred at the same place a short time before the accident in this case occurred, and that there were other defects in the bridge than the defects that caused the accident. This evidence was competent for the purpose of showing, not only that the bridge was in a bad state of repair, but that the city authorities had knowledge of its defective condition."

Another case, while not similar in facts, to the case just quoted from, is the case of *St. L. & S. F. R. R. Co. v. Shannon,* 25 Okla. 754, 108 Pac. 401, 21 Ann. Cas. 1209, in which it was held competent in an action against a railroad company to recover damages on account of fire caused by sparks from one of its locomotives, to introduce evidence of other fires by other locomotives of the company, where it was made to appear that they were practically identical in construction to the one supposed to have set the fire. The general rule on this subject is stated in 28 Cyc. 1490, as follows:

"But by the weight of authority evidence of other accidents within a reasonable time prior to the accident complained of, and

under the same conditions, is admissible as tending to show the existence of the defect, obstruction, or other dangerous condition and the possibility or probability that the injury complained of resulted therefrom, and as tending to show notice on the part of the city of the defective or obstructive condition of the place. Similar accidents under the same conditions in other places closely related to the place of the accident are admissible as tending to show the existence of the particular defect or obstruction."

The same rule is stated in 1 Wigmore on Evidence, sec. 458; and, discussing the authorities holding the contrary view, this author says:

"Occasionally a court is found excluding such evidence absolutely and invariably because of this general possibility of confusion of issues, and without regard to its actual operation in the case in hand. Such a treatment is unnecessary and finical. The rational and practical way is to exclude such evidence when it does in the case in hand involve such consequences, but not otherwise; and to leave its treatment to the discretion of the trial court, guided by this principal. There would probably have been little difference of practice in the use of this class of evidence, if there had not been a series of precedents in Massachusetts, beginning with *Collins v. Dorchester* [6 Cush. 396], which attempted to cast discredit on the use of this evidence, and laid down an absolute rule of exclusion. * * * Its fallacies were first clearly exposed by Mr. Justice Doe, in his classical opinion in *Darling v. Westmoreland*, 52 N. H. 401, 13 Am. Rep. 55, and from that time the tide of rulings began to turn. The ensuing cases show how an absolute rule of exclusion, like that of Collings v. Dorchester, is nowadays rarely attempted. * * * Mr. Justice Doe's opinion utterly discredited it as an obstacle to the investigation of truth, and even in its own jurisdiction it was gradually narrowed in its effect until the doubt may now be maintained whether it would there be found, even upon its precise state of facts. The precedents, however, in the various jurisdictions, still show traces of its misleading influence."

The same doctrine was announced by the Supreme Court of Kansas in *City of Topeka v. Sherwood*, 39 Kan. 690, 18 Pac. 933, as follows:

"It is objected that the testimony presented new issues which the defendant had not expected, and could not be prepared to meet. In a limited sense every item of evidence material to the main issue presents a new issue in this respect, at least: It invites, by way of reply, a contradiction or an explanation. In no other way did the evidence make a new issue. It was important, as we have said, to show that the sidewalk was unsafe and dangerous, and upon that question the defendant was required to be prepared. *District of Columbia v. Arms,* 107 U. S. 519 [2 Sup. Ct. 840, 27 L. Ed. 618]; *Darling v. Westmoreland,* 52 N. H. 401 [13 Am. Rep. 55]; *Augusta v. Hafers,* 61 Ga. 48 [34 Am. Rep. 95]; *City of Delphi v. Lowery,* 74 Ind. 520 [39 Am. Rep. 98]; *City of Chicago v. Powers,* 42 Ill. 169 [89 Am. Dec. 418]; *Quinlan v. Utica,* 11 Hun [N. Y.] 217; *Id.,* 74 N. Y. 603; *Burns v. Schenectady,* 24 Hun [N. Y.] 10; *Champlin v. Penn Yan,* 34 Hun [N. Y.] 33; *Kent v. Lincoln,* 32 Vt. 591; *House v. Metcalf,* 27 Conn. 631; *M. & M. R. Co. v. Ashcraft,* 48 Ala. 15; *Smith v. Sherwood Township,* 62 Mich. 159, 28 N. W. 806; *Morrill,* City Neg. 204; *U. P. Ry. Co. v. Hand,* 7 Kan. 380; *St. Joseph & D. C. R. Co. v. Chase,* 11 Kan. 47; *A., T. & S. F. R. Co. v. Stanford,* 12 Kan. 354 [15 Am. Rep. 362]; *Field v. Davis,* 27 Kan. 401."

In *District of Columbia v. Arms,* 107 U. S. 519, 2 Sup. Ct. 840, 28 L. Ed. 618, the Supreme Court of the United States announced the same rule, and in passing upon the question said:

"The admission of this testimony is now urged as error; the point of the objection being that it tended to introduce collateral issues, and thus mislead the jury from the matter directly in controversy. Were such the case, the objection would be tenable; but no dispute was made as to these accidents, no question was raised as to the extent of the injury received, no point was made upon them, no recovery was sought by reason of them, nor any increase of damages. They were proved simply as circumstances which, with other evidence, tended to show the dangerous character of the sidewalk in its ungarded condition. The frequency of accidents at a particular place would seem to be good evidence of its dangerous character—at least, it is some evidence to that effect. Persons are not wont to seek such places, and do not willingly fall into them. Here the character of the place was

one of the subjects of inquiry to which attention was called by the nature of the action and the pleadings, and the defendant should have been prepared to show its real character in the face of any proof bearing on that subject. Besides this, as publicity was necessarily given to the accidents, they also tended to show that the dangerous character of the locality was brought to the attention of the city authorities."

A comprehensive note quoting the authorities on this question may be found appended to the case of *Alcott v. Public Service Corporation,* 32 L. R. A. (N. S.) 1084. The fact that other accidents occurred immediately prior in time, of a similar character, while said streets were in the same condition that they were at the time of the accident complained of, would be at least some evidence tending to show that they were in a dangerous condition, and it would also be competent to show notice to the plaintiff in error of such defect in its street. We adhere to the ruling announced by the court in *City of Kingfisher v. Altizer, supra,* as being the correct rule and supported by the authorities, and being based on reason and justice. The evidence was admissible for the purpose of tending to show the existence of the alleged condition of the streets complained of, and the possibility or probability that the injury complained of resulted therefrom, and as tending to show notice on the part of the city of the defective condition of the place. But it is urged that the court erred in permitting the evidence in this case for the reason that plaintiff in error in open court admitted that it had notice of the actual condition of the street intersection as it existed at the time of the accident. As stated, we think the evidence was competent and admissible upon other grounds; but, if it be placed upon this ground alone, the action of the court was harmless, in that it only tended to prove a fact which was admitted to exist, and at most could only be said to be immaterial. The precise question here presented was before the court in *Smith v. City of Seattle,* 33 Wash. 481; 74 Pac. 674. The court, in passing upon the question, said:

"It is assigned that the court erred in permitting respondents to prove, over appellant's objection, instances of other persons at other times slipping upon, or falling over, the doors upon which it is alleged that the respondent Mrs. Smith stumbled and fell.    It is insisted by appellant that the most that may be urged in favor of this testimony is that it was competent for the purpose of showing constructive notice to the city of the alleged defect of the doors in question, and that the necessity for proof of such notice was obviated by the stipulation of counsel for appellant made at the beginning of the trial.   By that stipulation, appellant admitted notice of the conditions existing, and it is therefore contended that the criticized testimony could have served no other purpose than to impress the jury, by facts outside of any question they were called upon to determine, that the city was permitting to be maintained on its sidewalk an obstacle of a highly dangerous character to pedestrians.   It is further urged that the testimony was prejudicial because it distracted the attention of the jury from the facts in issue to collateral matters, of which no notice was given appellant by the pleadings, and that no opportunity was afforded to disprove them.   It is argued by appellant that it could not have been expected to investigate and ascertain the truth as to circumstances surrounding the several instances of other accidents proved, when advised thereof for the first time in the midst of the trial, and that, in the absence of any contradictory evidence, such instances necessarily stood admitted.   That the evidence was relevant to the question of notice is practically conceded by appellant, and, in any event, we think it was so under many authorities.   It is true that, while notice was an issue under the pleadings, it was admitted at the trial; but in *Filzgerald v. School Dist.,* 5 Wash. 112, 31 Pac. 427, it was held that, while it is unnecessary to make proof of admitted facts, yet the error in admitting such testimony is immaterial and not prejudicial.   To the same effect is *Jones v. Allen,* 85 Fed. 523, 29 C. C. A. 318, in which the court, at page 525 of 85 Fed., and page 320 of 29 C. C. A., said: 'It may be that it was unnecessary to have read the records in evidence because the facts which they tended to prove were in effect admitted by the pleadings.   But if the plaintiffs saw fit to establish the allegations of their complaint with greater certainty by introducing the records, the defendants cannot be heard to complain.   They were not prejudiced by the proof of facts which they had admitted.'   See, also, *People v.*

*Fredericks* [106 Cal. 554], 39 Pac. 944; *Consaul v. Sheldon* [35 Neb. 247], 52 N. W. 1104; *Trogdon v. State* [133 Ind. 1], 32 N. E. 725."

The three remaining assignments of error are:

"(2)   The judgment of the court is unsupported by the evidence; (3) the judgment of the court is contrary to law; (4) errors of the court in overruling the defendant's motion for a new trial."

All of these assignments are treated together in plaintiff in error's brief, as presenting the same question, "going to the sufficiency of the evidence to sustain a judgment in favor of plaintiff against defendant," and it is then argued that the evidence fails to show negligence on the part of plaintiff in error in the maintenance of its streets sufficient to submit the issue to the jury.   There is no abstract of the testimony in the brief, nor are the instructions set out therein in compliance with rule 25 of this court 27 Okla. xi [137 Pac. xi]; and to intelligently pass upon these assignments it would be necessary to examine all of the evidence introduced upon the trial and the instructions given by the court, which, in the crowded condition of the docket of this court and the press of business, we have not the time to do.   The purpose of this rule, as of the other rules, is to expedite the business of the court, and to aid the members thereof in the investigation of matters submitted to it, and we must insist upon a compliance therewith.

The judgment of the trial court is affirmed.

All the Justices concur.