**WHITEHEAD v. WHITEHEAD.**

No. 11597—Opinion Filed June 26, 1923.

1. **Appeal and Error—Briefs—Abstracts of Evidence—Review.**

Where no abstract of the evidence is contained in the brief of the plaintiff in error, assignments of error which require the examination of the evidence will not be considered by the Supreme Court.

2. **Divorce—Decree of Alimony as Lien on Personalty—Jurisdiction to Enforce.**

In a divorce action, where the court regularly acquires jurisdiction of both parties and subject-matter, and enters a decree allowing plaintiff alimony, and to secure the payment thereof, makes it a lien upon certain personal property impounded in the action, in a subsequent proceeding to subject said property to the payment of said lien, the court has inherent jurisdiction, sitting as a court of equity, independently of proceedings in the nature of garnishment, to carry out its decree by adapting its process to the purpose sought to be accomplished in the decree, and sections 354 and 753, Comp. Stats. 1921, have no application.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Proceeding by Christine Whitehead, by next friend, Martha A. Snyder, against W. T. Whitehead to enforce lien for alimony in accordance with decree. From the judgment the latter brings error. Affirmed.

R. A. Wilkinson, for plaintiff in error.

Leahy & Brewster, for defendant in error.

Opinion by FOSTER, C. On the 8th day of December, 1919, in the district court of Mayes county, Okla., a decree of divorce was entered in favor of Christine Whitehead, defendant in error, plaintiff below against Charles Whitehead, her husband, and awarding defendant in error the sum of $500 as alimony, and fixing a lien upon certain personal property described in the decree, which had theretofore been sold by Charles Whitehead to one W. T. Whitehead, one of the defendants below and the plaintiff in error here. This appeal is prosecuted by W. T. Whitehead, one of the defendants below and a brother of Charles Whitehead, to have reviewed a judgment of the court below, awarding to defendant in error the sum of $149.60, as alimony. For convenience, the parties will be designated as they appeared in the court below.

It appears that upon the commencement of the action by the plaintiff in the court below, the defendant had certain personal property, in which the plaintiff claimed an interest, in his possession claiming title to, and the defendant W. T. Whitehead was made a party to the action, and a restraining order issued against him, enjoining him from disposing of any of the property in which the plaintiff claimed an interest. In its decree, the court found that the plaintiff did have an interest in the property by reason of the same having been acquired during coverture by the joint labor of the plaintiff and her husband, Charles Whitehead, and ordered the same sold to satisfy plaintiff's lien for alimony, subject to the payment of any valid mortgage lien or liens which might have attached prior to the filing of plaintiff's petition.

Thereafter, it appears that the defendant W. T. Whitehead did sell this property, receiving therefor the sum of $986, but refused to turn over the balance which it is alleged remained after paying the mortgage indebtedness against it. It appears that the property was sold pursuant to an agreement between defendant and plaintiff's attorney, whereby defendant was to turn over the balance remaining after paying the indebtedness against it to the plaintiff. Upon failure of the defendant to pay the plaintiff the balance which it is alleged remained a proceeding in the nature of a garnishment against W. T. Whitehead and W. G. Whitehead was brought to subject this balance to the payment of plaintiff's lien for ali-

mony. Garnishment summons was served upon W. T. Whitehead, and in response thereto he appeared in the court below on the 21st day of January, 1920, and answered in substance, that after paying all the valid indebtedness against the property, nothing remained for the plaintiff. The court, however, denied this contention, finding that certain sums which he claimed should be charged against the property were invalid and should be disallowed, and ordered the defendant to pay the sum of $149.-60 to the plaintiff within ten days thereafter. From this judgment the defendant appeals to this court and relies for a reversal upon two propositions:

"(1) That the finding and the judgment of the court are not sustained by the evidence and are contrary to law.

"(2) That the judgment rendered against the plaintiff in error in the court below was and is void, for the reason that the court had no jurisdiction to hear and determine the matters involved in said garnishment proceedings."

The court below found that the plaintiff owned an interest in the property, which had been sold and transferred to the defendant, in the sum of $149.60, superior to any claim of the defendant. The defendant has not set out in his brief an abstract or abridgment of the evidence upon which he bases his claim that the finding of the court is not sustained by the evidence. Under the rules of this court assignments of error which require an examination of the evidence will not be considered where an abstract of the evidence complained of is omitted in the brief. City of Chickasha v. White, 45 Okla. 531, 146 Pac. 578.

Defendant next contends that the court below had no jurisdiction to enter the judgment requiring the defendant to pay $149.60 to the plaintiff.

It is urged that the court in some way lost jurisdiction over the subject-matter and the parties in the divorce action by reason of the employment of a garnishment proceeding to reach the fund upon which the plaintiff was given a lien. We do not think that there is any merit in this contention. It is true that if the property had not been impounded and had the defendant been a stranger to the divorce proceeding in which the property was involved, the court could not have obtained jurisdiction of either the subject-matter or the parties without the filing of a bond and strictly complying with the provisions of the statutes of Oklahoma relating to garnishment. But in the instant case the court, in an action in which the defendant was impleaded, had entered a decree giving the plaintiff a lien upon the property to secure the payment of her alimony, and had ordered the property sold in satisfaction thereof, subject to existing valid indebtedness against it. The court was therefore in full possession of jurisdiction at the time it issued its summons against the defendant to appear and answer touching the proceeds of the property which had been impounded.

The defendant had recognized the power of the court under its decree to dispose of the property by himself agreeing to sell the property and apply it as provided in the decree. Having regularly acquired jurisdiction, the court, in our judgment, had the inherent power to order the defendant to pay any balance in his hands to the plaintiff without recourse at all to the remedy which it employed. That the court made use of a process in the nature of a garnishment does not, in our judgment, defeat its jurisdiction. The method employed was more favorable to the rights of the defendant than the plaintiff, and, no doubt, arose on account of the agreement with the plaintiff's attorney that he might sell the property himself, in spite of the terms of the decree rendered in the case, and the defendant, in our judgment, is estopped from objecting to the jurisdiction of the court.

Section 506, Comp. Stats. 1921, provides in part as follows:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or a judge thereof in vacation, may make and enforce by attachment such order to restrain the disposition of the property of the parties or of either of them, and for the use, management and control thereof, or for the control of the children and support of the wife or husband during the pendency of the action, as may be right and proper. * * *"

In the case of Werner v. Werner (Kan.) 53 Pac. 127, the Supreme Court of Kansas says:

"* * * Although instituted under the statutes to obtain a divorce, the pleadings were so drawn, and the issues so shaped, that it was within the power of the court to grant relief independently of the statutes relating to divorce, and it rendered a decree of nullity, rather than a decree of divorce. * * * But, independently of the statute of divorce, we think the court had authority to decree not only an annulment of the marriage, but also the division of the property which had been jointly accumulated

by the parties. It was an equitable proceeding, and within its equity power the district court had full jurisdiction to give adequate relief to the parties. * * *"

In the case at bar, all of the parties were before the court. The property which had been sold and the proceeds of which were in the hands of the defendants, were held subject to the previous order of the court in the divorce proceeding, and the court below having acquired jurisdiction over both the subject-matter and the parties, in the exercise of its equity powers had inherent jurisdiction to adapt the means to the end sought to be accomplished, and the process adopted will not be fatal to its jurisdiction, especially where the process employed was for defendants benefit, and where he voluntarily appeared and acquiesced in the proceedings complained of.

Judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.