## VAN BIBBER et ux. v. HINTON.

No. 12378—Opinion Filed Jan. 29, 1924.

1. **Appeal and Error—Requisites of Briefs —Abstract of Record.**

Where no abstract of the record is contained in the briefs filed, setting forth the parts of the proceedings on which it is claimed error appears and setting forth the substance of certain testimony which it is claimed was improperly admitted, assignments of error which require an examination of such proceedings and evidence will not be considered by the Supreme Court on appeal.

2. **Same—Failure to Brief Assignments of Error—Waiver.**

Where errors are assigned in the petition in error but are not contained nor mentioned in the brief of counsel, and are not relied upon in the brief nor supported by argument and citation of authorities, as required by Rule 26 of this court, they will be deemed waived and abandoned and will not be regarded in this court.

3. **Same.**

This court will not examine the record filed in search of prejudicial errors which are not clearly pointed out and insisted upon in the brief of the complaining party, but all such errors, if any, will be considered as waived.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by Ollie Hinton against Grant Van Bibber and Lillian Van Bibber, husband and wife, for fraud and deceit. Judgment for plaintiff, and defendants appeal. Dismissed.

C. H. Mauntel and E. W. Snoddy, for plaintiffs in error.

A. J. Stevens and H. A. Noah, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Woods county, Okla., by Ollie Hinton, defendant in error, plaintiff below, against Grant Van Bibber and Lillian Van Bibber, husband and wife, plaintiffs in error, defendants below, to recover the sum of $5,500 for fraud and deceit alleged to have been practiced in a real estate transaction involving an exchange of property.

The parties will be hereafter referred to as they appeared in the court below.

The cause proceeded to trial before the court and a jury and resulted in a verdict for the plaintiff in the sum of $2,750. From the judgment so rendered the defendants excepted and bring the cause regularly on appeal to this court upon petition in error and case-made, claiming that the judgment should be reversed on account of alleged errors committed by the trial court.

The brief of defendants does not contain an abstract of the record, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which they rely so as to enable the Supreme Court to understand the nature of the questions presented without an examination of the record proper, as required by Rule 26 of this court; nor is there in the brief of

the plaintiff any such abstract which might operate to cure the defect referred to in the brief of the defendants.

Defendants insist that neither in the opening statement of counsel for plaintiff, nor in any evidence introduced, was there anything shown which constituted a cause of action as against the defendant Lillian Van Bibber, or which tended in any way to connect her with the transaction in which the plaintiff claimed she was defrauded; that the evidence introduced tending to connect the defendant Grant Van Bibber with fraudulent conduct towards the plaintiff in the procurement of the real estate transaction was all incompetent, irrelevant, and immaterial and should have been excluded by the trial court in view of the fact that it was shown that a written contract had been entered into which superseded all of the oral negotiations leading up to the transaction; that in view of the execution of said alleged written contract, the testimony tending to show inadequacy of consideration and other inequitable conduct was incompetent and should have been excluded; that instruction No. 4 on the measure of the liability of a principal for the acts of his agent, and on the measure of damages, was improper and not a correct statement of the law.

In the absence of any abstract or abridgement of the record in the briefs filed, setting forth the parts of the record and proceedings on which it is claimed error appears, and setting forth the substance of the parts of the testimony which it is claimed was improperly admitted, the argument in the brief of the propositions mentioned above is an argument only upon abstract propositions of law and presents nothing to this court for decision.

Neither do the briefs contain any specifications of error, separately set forth and numbered, with the argument and authorities in support of each point relied on in the same order as required by said Rule No. 26.

In these circumstances the Supreme Court will not search the record to find some theory upon which it might reverse the judgment of the trial court, but will either dismiss the appeal or affirm the judgment. City of Chickasha v. White, 45 Okla. 631, 146 Pac. 578; Whitehead v. Whitehead, 91 Okla. 136, 217 Pac. 374; Oklahoma City v. Sheldon, 87 Okla. 270, 210 Pac. 921; Penny v. Fellner, 6 Okla. 386, 50 Pac. 123.

For the reasons stated, and on motion of plaintiff, it follows that the appeal of defendants should be and is hereby dismissed.

By the Court: It is so ordered.