**EMPIRE OIL & REFINING CO. v. CHAPMAN et al.**

No. 27356. April 12, 1938.

Rehearing Denied May 24, 1938.

W. M. Bowles, James W. Finley, Hayes McCoy, F. H. Bacon, and S. N. Hawkes, for plaintiff in error.

Henry S. Johnston, for defendants in error.

PHELPS, J. The plaintiff Jennie Chapman lived in New Mexico and owned a large herd of cattle there. In May of 1933, on account of dry weather in New Mexico, she moved a part of her cattle to Noble county, Okla., for pasturing. She made a written contract with Roscoe Taylor whereunder he was to pasture about 350 of her cattle on his ranch in Noble county, furnishing grass, water, and salt, the cattle to graze there until November 1, 1933, at so much per head. She executed a similar contract with C. S. Thompson, to graze 396 cattle on Thompson's ranch, which was about two miles from the Taylor ranch. Taylor and Thompson, under their respective contracts, were to receive the cattle at the train, on which they were shipped from New Mexico, and were to deliver the cattle back to the railroad upon termination of the contract period.

The cattle arrived and were conducted to the Taylor and Thompson ranches and did not thereafter intermix. Neither Taylor nor Thompson had anything to do with performance of the other's contract. A prolonged dry season then came on, during which the ponds on the ranches and other sources of stock water failed, so that the cattle were permitted by Taylor and Thompson to drink from the Arkansas river. This river flowed by both ranches, and it was polluted with oil, salt, refuse, and other deleterious substances deposited therein by the defendant oil company and others some miles further upstream.

The plaintiff filed an action against the defendant oil company and another oil company wherein she claimed that the cattle in the Taylor ranch had been injured by drinking of the polluted water, and prayed damages therefor. She then filed the present action, against the defendant alone, seeking recovery for injuries sustained by the herd in the Thompson ranch, caused from drinking the polluted water in the same river. As stated, there was an intervening ranch between the Thompson and Taylor ranches, which were several miles apart. The period of time during which the cattle in both ranches were drinking the river water was approximately the same. The negligence of the defendant which was relied upon by plaintiff was the same in both cases.

When the defendant answered in the present case, involving the cattle pastured on the Thompson ranch, it set up the defense of another action pending, referring to the case involving cattle on the Taylor ranch, which action had not been tried. Then the defendants in that case, including the present defendant, agreed with plaintiff on a settlement, which was accordingly made and the plaintiff dismissed that case with prejudice. That left the present action pending; it was subsequently tried, resulting in a verdict and judgment for plaintiff, and the defendant appeals.

The first proposition urged by defendant for reversal is that the dismissal of the case involving the cattle on the Taylor ranch is res judicata of the present controversy and constitutes a bar to this action. The defendant points out that the allegations in the present petition, except as to description and location of the cattle, are substantially the same as in the petition in the other case; that it is the same plaintiff and, in so far as it is concerned, the same defendant; that the same tort is relied upon, and that, in short, it is the same cause of action except that plaintiff is only seeking to recover further damages.

A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to the issues which could or might have been litigated or determined therein. Baker v. Leavitt, 54 Okla. 70, 153 P. 1099.

And the dismissal of a suit, on an agreement between the parties by which settlement is made, is a dismissal of the merits and a bar to further litigation between the parties. Turner v. Fleming, 37 Okla. 75, 130 P. 551, 45 L. R. A. (N. S.) 265, Ann. Cas. 1915B, 831.

Strictly speaking, it cannot be said that anything was actually adjudicated in the other action. The defendant probably would deny that its liability was adjudicated. The case was settled and dismissed with prejudice, and the effect was the same, in so far as the cattle therein were involved, as if a trial had been had. Without theorizing, we may take it as settled, for all practical purposes, that the dismissal rendered the matter res judicata on the cattle in the Taylor pasture or ranch. If the defendant's argument makes progress from that point on, then, it is not by virtue of the principles relating to things res adjudicata, but by virtue of the rules relating to splitting of causes of action. The rule against splitting of a single and indivisible cause of action works harmon-

iously into, and is a part of, the rule concerning a thing adjudged. It is in many cases accountable for that portion of the latter rule which extends its operation beyond the things actually litigated to those things "which could or might have been" litigated.

In general, an entire claim arising from a single tort cannot be divided and made the subject of several suits, but plaintiff must include in one action all the various items or elements of damages which he has suffered from that tort. See Akin v. Bonfils, 67 Okla. 123, 169 P. 899; Brisley v. Mahaffey, 87 Okla. 257, 209 P. 920. Thus it was held that where the plaintiff had two horses killed at the same time by the train of a railroad company, and sued the company before a justice of the peace for the killing of one of the horses, and recovered judgment for $100, being the extent of the justice's jurisdiction, he could not afterwards maintain an action for the killing of the other horse. Brandenburg v. I. P. & C. R. Co., 13 Ind. 103, 74 Am. Dec. 250. Many illustrations may be found in cases listed under Judgments, Key Number 591, et seq., Decennial Digests, and see, also, 34 C. J. 833, 834. Applying the same doctrine to the present controversy, but without expressing our opinion thereon, it might be argued that had plaintiff sued on the Taylor ranch cattle alone, without filing the present case, and had gone to judgment thereon or settled and dismissed with prejudice, and then filed the present action, she should not be permitted to maintain this action. Or, possibly, if the other case had gone to judgment over defendant's protest while this one was pending.

But that is not the case. It should be borne in mind that both actions were pending at the same time, in the same court, that defendant had been served with summons in both actions; that the petition in the other case named the cattle in the Taylor ranch only, while the present petition named the cattle in the Thompson ranch only. It should further be borne in mind that it was not until after defendant had answered in this case, pleading pendency of the other action, that defendant settled and procured dismissal of the other case. Certainly it would be a peculiar thing, then, to say that defendant was misled in any manner, or that defendant was ignorant of the present demand when it settled the other. When defendant settled the Taylor case it knew that it was settling only for the cattle in the Taylor pasture, and that the remainder of the claim, namely, for cattle in the distant Thompson pasture, was still being pressed. It bargained for no dismissal as to the latter. We do not believe that any reasonable or fair-minded person would infer that either plaintiff or defendant intended to settle the present controversy when they settled the other one. If they did not have that intention, and neither led the other to believe that it was full settlement of all damages, why should the law impose it upon them?

The rule against splitting of causes of action is founded on two grounds or reasons. One is connected with public policy in the avoidance of multiplicitous suits, but the other and main reason is to accord defendant protection from unnecessary vexation. All of the cases agree that the rule against splitting is for the protection of defendant, and that he may waive its benefits, either expressly or impliedly. See cases cited at 1 C. J. 1109. The following from 34 C. J. 829, is supported by many authorities in the footnote:

"The rule against splitting causes of action is for the benefit of defendant, and he may waive it or announce it by agreement with plaintiff."

Under the unusual circumstances of the case, with both actions facing defendant in the same court at the same time, and defendant therefore having full knowledge that the cause of action, if single, was being pressed in two claims, yet voluntarily settling only that portion of the claim relating specifically to the cattle on the Taylor ranch and coming to no agreement whatsoever as to the remainder of the claim, the only rational conclusion is that defendant acknowledged and acquiesced in that method of settling the parties' differences. If there is any evidence in the record to the contrary, it has not been called to our attention, and the trial judge did not err in his ruling on this question or in failing to submit it to the jury's consideration, there being no conflict in the evidence. Concluding this phase of the case, and assuming without deciding that plaintiff split a single and indivisible cause of action in violation of the rule, yet we must hold that by acquiescing therein the defendant waived the benefit of the rule and, by having procured or joined in the settlement with full knowledge that plaintiff had already sued for the remainder of the claim, and was not considering that settlement as in full, defendant should not now be permitted to assert the contrary.

In the second proposition defendant argues

642

three or four unrelated assignments which cannot all be considered simultaneously, and under the general rule this proposition would therefore not be discussed, but we have nevertheless given our attention to the complaints stated and have arrived at the conclusion that they do not require a reversal of the judgment. It is said that the burden of proof is not sufficiently defined by the court's instructions, but a careful analysis of said instructions fails to reveal the deficiency complained of. It is also asserted under this proposition that the evidence fails to show that any act of the defendant was the proximate cause of the injury. The evidence clearly supports a finding that the defendant openly deposited large quantities of oil and refuse from its refinery directly into the river by means of a sewer and otherwise. This substance was traced in detail from the refinery to the ranches and was there identified by several witnesses as the same substance which was deposited in the river by the defendant's refinery. It was shown that said oily substances were of considerable thickness on the surface of the water, that they were injurious to cattle, that men building a fence in the river could not remain there long on account of the stinging, burning effect thereof upon their legs, that the cattle drank this substance. One witness testified that oil on the water was so thick at times that it could be dipped up; another that upon stirring it with a stick it would resemble thick soapsuds. Men of many years in the cattle business testified that when cattle drank such stuff it injured them. Without dwelling longer on the details of the testimony, it may safely be said that the evidence was sufficient to sustain the finding that the cattle were injured as the result of drinking the poisonous water, and that the case does not come within the classification of Prest-O-Lite Co. v. Howery, 169 Okla. 408, 37 P.2d 303, and similar cases cited by defendant.

As we construe the brief, it is also the defendant's contention, under this same proposition, that the court erred in failing to give the instruction requested by it on the question of proximate cause. We have examined the instructions which the trial judge did give the jury; the issue of proximate cause is sufficiently covered under instructions 4, 7, 8, and 11.

This proposition is also inclusive of the argument that the evidence fails to establish damages according to any proper rule. It is shown by defendant that the witnesses testified the dry season shortened the grass and that some of the loss of weight in the cattle was attributable to that as well as to the condition of the water. But the trial judge, observing this fact, required the witness who was testifying as to value to apportion the amount of said depreciation attributable to the water. As contended by defendant, this is, or was, an exceedingly difficult thing to do. But, nevertheless, the witness did give his opinion, the admission thereof is not urged as error, and in view of the fact that there is no contention in the brief that the verdict is excessive, any error, if any, in this connection, was minor and not substantial. Midland Valley R. Co. v. Kersey, 59 Okla. 9, 157 P. 139; Planters' Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 P. 516.

The defendant urges error of the trial judge in refusing to give to the jury an instruction on the issue of contributory negligence. There was no evidence adduced on that issue. The plaintiff owner lived in New Mexico and had placed her cattle in possession of Thompson, who, as to her, was an independent contractor. She could have joined Thompson as a party defendant, along with the oil company, if he contributed to the injury. This is not denied. But neither she nor her representative who visited the ranch for a short time during the summer had any knowledge of the condition of the water, according to the evidence, until after the damage was done. Thus, under the rule in Miller v. Price, 168 Okla. 452, 33 P.2d 624, the defense of contributory negligence, although contained in the pleadings, was not presented by the evidence, the issue was not raised, and it was unnecessary to submit it to the jury. See discussion of that question in the cited authority, and also further comment thereon in Midland Valley R. Co. v. Townes, 179 Okla. 136, 64 P.2d 712, 716.

A contention involving the statute of limitations is included in the petition in error, but is not mentioned or argued in the brief and is therefore waived. Van Bibber v. Hinton, 97 Okla. 140, 222 P. 967, and numerous cases cited at 2 Okla. Digest, Appeal and Error, pp. 659, 660.

We have carefully considered the remaining contentions of defendant and weighed them against the facts as disclosed by the record and in connection with the trial judge's rulings. They need not be discussed. On the whole case, involving lengthy proceedings and a voluminous record, while minor errors may have occurred from time

ro time, we are unable to perceive how any substantial right of the defendant was materially or substantially prejudiced, so as to justify a reversal and retrial of this cause. Accordingly, the judgment is affirmed.

BAYLESS. V. C. J., and RILEY, WELCH, GIBSON. HURST. and DAVISON, JJ., concur. OSBORN, C. J., and CORN, J., absent.