Harvey V. NOEL, Appellant,

v.

Jerome D. NOEL, Fiduciary of the Estate of Charles E. Noel, Deceased, Appellee.

No. 68557.

Supreme Court of Iowa.

May 18, 1983.

Harold C. Lounsberry, Davenport, for appellant.

Martin F. McCarthy of McCarthy & McCarthy, Davenport, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves the effect on a probate claim of a prior adjudication.

In 1963 claimant Harvey V. Noel, one of five children, leased a farm from his father, Charles E. Noel, under an ordinary one-year, cash-rent written lease which made no mention of repairs or improvements by claimant. The lease was renewed from year to year by operation of section 562.6 of the Iowa Code. During those years claimant made considerable repairs and improvements on the premises. In 1969 claimant erected a pole barn, and his father signed a note for $3000 to reimburse him, payable when the farm was sold. (Claimant subsequently obtained summary judgment on the note, and this item is not involved in the present controversy.) In 1970 the parties entered into a lease similar to the first one except for an increase in the cash rent. This lease was likewise renewed under the statute.

Claimant's mother passed on. Claimant and his father evidently had a falling out, as the father gave claimant notice of termination of the tenancy as of March 1, 1973. Claimant thereupon brought a declaratory judgment suit in equity against his father making two principal assertions: at the inception of the tenancy claimant and his father orally agreed (1) that claimant could rent the farm until the settlement of the estate of the survivor of the father and mother, and (2) that upon settlement of such estate claimant could buy the farm at its appraised value. Although the case was denominated a declaratory action, claimant asked for specific performance. We thus treat the case for preclusion purposes as a regular action. At some point the farm was sold to third persons.

The father died before the declaratory action was tried. He left claimant $100 and devised the rest of his property to others. Claimant filed the instant claim in the father's estate for the value of the repairs and improvements, again making two principal assertions: claimant made the repairs and improvements (1) under an oral agreement with his father for payment at the father's death, and (2) in reliance on an oral agreement with his father that he would receive his one-fifth inheritance and could buy the farm at a fair price.

Faced with the two actions, the executor of the father's estate answered in the declaratory action and averred several defenses, and also disallowed the probate claim. In neither case, however, did he allege the pendency of the other case, see Iowa R.Civ.P. 103, or ask for consolidation of the cases. The parties tried the declaratory action and the court held for the executor. Claimant appealed and the Iowa Court of Appeals affirmed. *Noel v. Noel,* 261 N.W.2d 527 (Iowa App.1977) (mem.). That court held any oral discussions were merged into the written leases under the parol evidence rule, and no estoppel existed. We denied further review.

The executor then further answered the probate claim, averring various defenses including former adjudication as a result of the judgment in the declaratory action. He also moved under rule 105 of the rules of civil procedure for a decision that the probate claim was barred by the former adjudication. The district court sustained the motion and dismissed the claim on grounds which we construe to be claim preclusion and issue preclusion. Claimant appealed.

The appeal turns on the effect of the judgment in the declaratory action on the probate claim. We do not have a question relating to the *persons* who are bound by that judgment. The plaintiff in both cases is the same, and the defendants are respectively the testator and his executor, who is in privity with the testator. See Schroeder, *Relitigation of Common Issues,* 67 Iowa L.Rev. 917, 920 (1982). The question instead relates to *what* is precluded by the prior judgment.

Considerable confusion exists in this area of law from the indiscriminate use of terminology. For present purposes, two main kinds of preclusion are involved: *claim* preclusion—sometimes called the rule against splitting of actions—and *issue* preclusion—often called collateral estoppel as to particular questions in a case. *See Restatement (Second) of Judgments* §§ 18, 19, 27 (1982).

I. *Claim preclusion.* We first inquire whether claimant's prosecution of his entire probate claim is precluded by the judgment in the prior action. The judgment in the declaratory action bars another action on that claim under the general rule in section 19 of the Restatement:

A valid and personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.

Our first inquiry raises two subsidiary problems: the scope of the prior claim, and waiver.

A. Is the subject of the probate case basically the same "claim" as the subject of the declaratory case? *See Westway Trading Corp. v. River Terminal Corp.,* 314 N.W.2d 398, 401–02 (Iowa 1982). The American Law Institute takes a practical view of the word "claim" in this context, in view of the desirability of disposing of an entire controversy at one time. Section 24 of the Restatement thus states:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defend-

ant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Comments *b* and *d* to this Restatement section also state in part:

[A]sk how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded.

. . . .

When a defendant is accused of successive but nearly simultaneous acts, or acts which though occurring over a period of time were substantially of the same sort and similarly motivated fairness to the defendant as well as the public convenience may require that they be dealt with in the same action. The events constitute but one transaction or a connected series.

▮ Viewing the relationship of claimant and his father pragmatically, we see a parent renting his farm to a son under a written lease, and a claim by the son that oral promises were also made. In the declaratory action the son advances two of the alleged oral promises, and in the probate case he also advances two. This is a typical case of two actions founded on the same claim, when that term is given a pragmatic rather than legalistic application. *See B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 286–87 (Iowa 1976). We turn therefore to waiver.

B. The executor was confronted by two cases arising from the same claim. For reasons of his own—a jury trial on the probate claim?—he did not move to consoli-

date them, nor did he plead in either case that another action was pending. Instead, he went to trial in the declaratory action. After he obtained judgment in that case he sought to interpose the judgment to the probate case as precluding prosecution of that claim.

The decisions dealing with this situation hold that a party waives claim preclusion by failing to interpose it prior to judgment in the first case. *Pagel v. Notbohm,* 186 N.W.2d 638, 639–40 (Iowa 1971); *Annot.,* 40 A.L.R.3d 108, 118 (1971). Comment *a* to section 26 of the Restatement states:

> Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

We hold that the executor waived claim preclusion by failing to interpose it appropriately before judgment in the declaratory action. *Story v. Rivers,* 220 Ga. 232, 233, 138 S.E.2d 304, 305 (1964); *Brown v. Lockwood,* 76 A.D.2d 721, 740–44, 432 N.Y.S.2d 186, 199, 200 (1980); *Nationwide Insurance Co. v. Steigerwalt,* 21 Ohio St.2d 87, 93, 255 N.E.2d 570, 573 (1970); *Empire Oil & Refining Co. v. Chapman,* 182 Okl. 639, 641, 79 P.2d 608, 610–11 (1938).

II. *Issue preclusion.* The rule of issue preclusion is stated thus in section 27 of the Restatement:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, *and the determination is essential to the judgment,* the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

(Emphasis added.) We stated the essentials of issue preclusion as follows in *Schneberger v. United States Fidelity & Guaranty Co.,* 213 N.W.2d 913, 917 (Iowa 1973):

> To bar further litigation on a specific issue four requirements must be established:
>
> (1) the issue concluded must be identical;
>
> (2) the issue must have been raised and litigated in the prior action;
>
> (3) the issue must have been material and relevant to the disposition of the prior action, and
>
> (4) the determination made of the issue in the prior action *must have been necessary and essential to the resulting judgment.*

(Emphasis added.)

In the declaratory action claimant asserted oral agreements, first, for continuous tenancy and second, for a right to purchase. On de novo appeal the Court of Appeals held any oral agreements were merged into the written leases, and no estoppel existed. In the probate claim claimant asserted oral agreements, first, for payment for repairs and improvements and second, for inheritance and a right to purchase plus his reliance by making repairs and improvements.

■ The two bases on which the Court of Appeals decided the first case are the pertinent ones in the present inquiry. We initially consider claimant's first assertion in his probate claim—an oral promise to pay for repairs and improvements. The Court of Appeals held any oral agreements were merged into the written leases, which purportedly would include an oral promise to pay. But for issue preclusion purposes, the effect of the decision of the Court of Appeals must be limited to determinations which were "necessary and essential" to its judgment. The Court of Appeals did not have a claim before it of an oral agreement for payment. For present purposes its decision is limited to merger of oral agreements as to continuous tenancy and right to purchase. The same is true of its holding of no estoppel. We thus hold that issue preclusion does not apply to claimant's assertion in his probate claim of an oral promise to pay for repairs and improvements. *Bertran v. Glen Falls Insurance Co.,* 232 N.W.2d 527,

534 (Iowa 1975). We do not suggest, of course, what the outcome will be upon trial on the merits of this assertion.

■ Claimant's second assertion is in the nature of promissory estoppel founded on substantially the same basis as the second assertion in the declaratory action. *Restatement (Second) of Contracts* § 90 (1981). This assertion comes squarely within the second basis of the Court of Appeals decision which, by an appellate court, satisfies the "necessary and essential" requirement of issue preclusion. *Restatement (Second) of Conflicts* § 27, Comment *o*. Claimant is thus foreclosed from prosecuting his second assertion.

We return the case to district court for further proceedings on claimant's assertion of an oral promise of payment at the father's death for repairs and improvements on the farm.

AFFIRMED IN PART, REVERSED IN PART.