**Bud McGEE, Appellee,**

v.

**The IOWA DEPARTMENT OF PUBLIC SAFETY, Appellant.**

No. 88–1615.

Supreme Court of Iowa.

July 19, 1989.

Thomas J. Miller, Atty. Gen., and Gary L. Hayward, Asst. Atty. Gen., for appellant.

Charles H. Levad, Mason City, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The Iowa Department of Public Safety (IDPS or the agency) appeals a district court order reversing that agency's action in continuing to hold a component of a 1970 International truck-tractor claimed by petitioner, Bud McGee. The entire vehicle had been seized by IDPS pursuant to Iowa Code section 321.84 (1983) because the manufacturer's identification numbers on various components thereof were inconsistent with a federal certification label on the vehicle. In addition, it was determined that the frame of the truck-tractor unit lacked a component part number routinely placed there by the manufacturer. Subsequently, the cab with the identifying number 457240G387419 and the door with the identifying number 457240G384633 were released to petitioner by IDPS. Following a contested case hearing, that agency refused to return the vehicle frame and components other than the cab and one door to petitioner.

On a petition for judicial review pursuant to Iowa Code section 17A.19 (1983), the district court ordered that the vehicle frame and other components also be returned to petitioner and that IDPS bear the expense of doing that. Upon considering the arguments of the parties, we reverse the judgment of the district court and remand the case to the agency for further proceedings in accordance with this opinion.

I. *Facts and Proceedings Below.*

On or about December 3, 1983, an Iowa state trooper encountered an improperly parked International truck-tractor in Mason City, Iowa. That vehicle, along with other equipment, was being prepared for shipment to Seattle, Washington. The officer obtained registration documents from the driver and observed that the federal safety sticker located on the driver's door did not match the vehicle identification number on the title. The officer contacted a vehicle theft officer of the agency who inspected the vehicle and determined that the vehicle: (1) was identifiable as a 1970 International truck-tractor, (2) had a federal certification label dated November 1969 and numbered 457240G387419, (3) bore the number 457240G384633 on the left door, and (4) lacked a component part number on the frame routinely placed there by the manufacturer. On December 6, 1983, IDPS seized the vehicle pursuant to Iowa Code section 321.84 (1983).

A subsequent title search conducted by the agency's vehicle theft officer uncovered a chain of owners to a 1970 International truck-tractor with a VIN 457240G384633, matching the number recorded on the door. The search uncovered no title matching the VIN number on the certification label. The agency theft officer sent a "Notice of Claim Vehicle" to petitioner on April 16, 1984, stating that petitioner had twenty-one days in which to claim the vehicle. Petitioner made claim to the vehicle within that time period and requested a hearing on his claim of ownership.

The seized components were originally stored in an Iowa Department of Transportation impoundment yard in Mason City where they were observed and identified by petitioner. In June 1984, the vehicle was transported to an impoundment lot in Polk County. Petitioner was subsequently notified by IDPS that an evidentiary hearing would be held in Des Moines on July 17, 1984, to ascertain ownership of the vehicle.

On June 21, 1984, petitioner filed a petition for replevin in the Iowa District Court for Cerro Gordo County applying for immediate possession of the vehicle and requesting damages for unlawful detention from the department. The court dismissed the action on the primary ground that petitioner was required to exhaust administrative remedies available under Iowa Code chapter 17A.

The hearing before IDPS regarding ownership was rescheduled for September 12, 1984. At that hearing, petitioner testified that he was a seller, salvager, repairer, and remodeler of used trucks, tractors, and trailers whose principal place of business was Mason City. He further testified that in November 1983 he had bought two vehicles from Longman Truck Sales, Savage, Minnesota. He presented a bill of sale for an International truck-tractor with a VIN number matching the number on the left door of the seized vehicle.

Petitioner testified he thought it was possible the truck matching the door VIN number was in his possession in Seattle, Washington, but could not produce evidence to corroborate that assertion. He did submit as evidence a second bill of sale showing he had purchased another International truck-tractor from Longman on November 7, 1983, with a VIN number that matched the number on the federal certification sticker on the seized vehicle. No evidence was presented by IDPS indicating that a frame identification number had been obliterated, altered, or defaced by tampering. Petitioner had no explanation concerning the lack of a manufacturer's identification number on the frame.

The IDPS hearing officer applied Iowa Code section 321.95 (1983) in adjudicating the agency's right to seize the vehicle. That statute provides, in part:

> Every vehicle rebuilder, vehicle salvager, used vehicle parts dealer, or any person licensed under chapter 322, or a person having used engines or transmissions which are component parts for sale shall keep an accurate and complete record of all vehicles demolished and of such component parts purchased or received for resale as component parts in the course of business.

*Id.* The hearing officer determined that petitioner had satisfied the statutory re-

quirements with respect to the cab and door of the truck and that those items should be returned to him by the agency. Concerning the frame, the hearing officer determined that petitioner had violated section 321.95 and that the vehicle frame should be retained by the agency for transfer to the Iowa Department of Transportation.

On petitioner's judicial review action under section 17A.19, the district court concluded that the applicable statutes granted exclusive jurisdiction to the Iowa Department of Transportation to resolve petitioner's claim of ownership and reversed the order of IDPS on jurisdictional grounds. The court further concluded the petitioner had presented sufficient evidence of ownership of the vehicle that all components, including the frame, should be returned to him rather than requiring a determination of ownership to be made anew by the department of transportation. From this order IDPS appeals.

II. *Authority of the Department of Public Safety to Determine Ownership.*

■ The first issue on appeal concerns the authority of IDPS to hold an evidentiary hearing to determine petitioner's claim to ownership of the seized vehicle. In considering this question, we reject IDPS's contention that, as a result of the decision rendered in the replevin action, principles of issue preclusion require us to find that this point has been established in its favor.

We have consistently recognized the provisions of Restatement (Second) of Judgments section 27 (1982), which provides that:

When an issue of fact or law is actually litigated and determined by a valid and final judgment, *and the determination is essential to the judgment,* the determination is conclusive in a subsequent action between the parties whether on the same or a different claim.

(Emphasis added.) *See Noel v. Noel,* 334 N.W.2d 146, 149 (Iowa 1983); *Bertran v. Glens Falls Ins. Co.,* 232 N.W.2d 527, 534 (Iowa 1975); *Schneberger v. United States Fidelity & Guar. Co.,* 213 N.W.2d 913, 917 (Iowa 1973). In the *Noel* and *Bertran* cases, we applied this principle so as to deny the application of the issue preclusion doctrine on the basis that the matters claimed to have been established were not essential to the judgment.

The jurisdictional issue in the replevin case required the court, in that action, to determine whether the determination of ownership was, in the first instance, entrusted by law to an administrative agency. The court was not required to determine which of the two agencies which bear responsibility for administering these statutes was required to make that determination. Issue preclusion is thus inapplicable in this situation.

Iowa Code section 321.84 (1983) provides:

It shall be the duty of any peace officer who finds a vehicle or component part, the vehicle identification number or component part number of which has been altered, defaced, or tampered with, and who has reasonable cause to believe that the possessor of the vehicle or component part wrongfully holds it, to forthwith seize it, either with or without warrant, and deliver it to the sheriff of the county in which it is seized.

Section 321.85 (1983) then provides:

Whenever any vehicle or component part is seized under section 321.84 or whenever any vehicle or component part is stolen or embezzled, and is not claimed by the owner before the date on which the person charged with its stealing or embezzling is convicted, then the officer having the vehicle or component part in his or her custody must, on that date by certified mail, notify the department that he or she has such a vehicle or component part in his or her possession, giving a full and complete description of it, including all vehicle identification numbers and component part numbers.

Section 321.1(33) (1983) states that, for the purposes of the chapter, " '[d]epartment' means the state department of transportation." The trial court held that the language of this section indicated any evidentiary hearing regarding ownership of a

seized vehicle must be held before the department of transportation.

■ IDPS challenges that interpretation for several reasons. It contends that, under the language of section 321.85 (1983), there is no duty to involve the department of transportation in the disposition of a seized vehicle unless the vehicle is not claimed by the owner. In this case petitioner did claim ownership. The department contends that, because the duty to notify depends on the lack of ownership claims, it is implicit that the seizing officer must first determine the validity of any claims of ownership before deciding to refer the matter to the department of transportation.

We believe this statute implicitly requires the seizing officers, in this case IDPS, to make a determination of ownership when a vehicle or component thereof is seized by state patrol officers. We also believe that in carrying out this function, the Iowa Administrative Procedure Act requires the agency to follow contested case hearing procedures. This court has concluded that whenever an agency determines the rights, duties, and obligations of a specific individual based on past circumstances or occurrences, it performs an "agency action" requiring a contested case proceeding governed by chapter 17A. *E.g., Allegre v. Iowa State Bd. of Regents*, 349 N.W.2d 112, 115 (Iowa 1984). There need be no express requirement in the statutes for an evidentiary hearing for such a right to exist; there need only be a right protected by due process and a factual dispute. *Id.* at 115–16. These elements are present.

■ IDPS's interpretation of the statute is consistent with an amendment added to section 321.85 subsequent to the events involved in the present dispute. That amendment, enacted in 1985, added an additional sentence at the end of section 321.85 which reads:

If there is a dispute regarding a claim for the vehicle or component part, the agency holding the vehicle or component

part shall conduct an evidentiary hearing to adjudicate the claim.

1985 Iowa Acts ch. 64, § 1.

Although we have recognized that ordinarily an amendment serves to change existing law, there are statutory amendments which are enacted solely to cast light on the legislature's original intent. *See, e.g., Ruthven Consol. School Dist. v. Emmetsburg Community School Dist.*, 382 N.W.2d 136, 139 (Iowa 1986); *Loughlin v. Cherokee County*, 364 N.W.2d 234, 236 (Iowa 1985). In the present case, the amendment corresponds with our conclusions as to the meaning of the statute prior to its enactment. Based upon these conclusions, we hold the district court erred in determining that IDPS was without authority or jurisdiction to resolve petitioner's claims of ownership of the vehicle and its components.

### III. *Determination of Ownership.*

■ Because the district court determined that IDPS was without jurisdiction to adjudicate ownership, it did not consider petitioner's specific challenges to that determination by the agency. Given the present state of the record, we have the option of remanding those issues to the district court for decision or making that determination on this appeal, *see Chauffeurs, Teamsters & Helpers, Local Union No. 238 v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375, 378 (Iowa 1986); *Barnes v. Iowa Dept. of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986). Because of the age of the litigation, we elect to pursue the latter course.

Petitioner's challenges to the agency's determination of ownership in his petition for review invoked the grounds specified in subsection *f* (unsupported by substantial evidence) and *e* (affected by error of law) of section 17A.19(8). We need not consider the substantial evidence claim because we are convinced that the agency decision was affected by an error of law.

The final agency order was predicated on a conclusion of law which assumed that absence of a manufacturer's identification number on the frame or other component

where such identifying number is required precludes persons such as petitioner from establishing ownership thereof. We find no support for that conclusion of law in the applicable statutes. It is the agency's responsibility in a contested case hearing on the issue of ownership to determine the claim of ownership submitted to it on all of the evidence presented. The absence of the manufacturer's identifying number on a particular component of the vehicle does not preclude petitioner from establishing ownership by other means.

Based on the matters discussed in this opinion, we reverse the judgment of the district court and remand the case to IDPS for further proceedings not inconsistent with this opinion. Because we have rejected the premise of the district court's order for return of the property, we need not consider those issues involving liability of the agency for the expenses involved in the return of the vehicle components. Costs on appeal are assessed to appellee.

REVERSED AND REMANDED.