Robert ROACH, Appellant and Counter–Appellee,

v.

ATLAS LIFE INSURANCE COMPANY, Appellee and Counter–Appellant.

No. 67874.

Supreme Court of Oklahoma.

Feb. 21, 1989.

Linda G. Alexander, Oklahoma City, for appellant and counter-appellee.

G. Michael Lewis, Lewis N. Carter, Jon E. Brightmire, Tulsa, for appellee and counter-appellant.

KAUGER, Justice.

The question of first impression presented is whether interpleading proceeds from a life insurance policy protects an insurance company from a subsequent bad faith action by a third party named beneficiary. We find that it depends on the facts in each case. However, we must determine: 1) whether a life insurance company which has been discharged in an interpleader action is relieved of all liability to its policy beneficiary; and 2) whether the entry of summary judgment in favor of the insurer constituted error by the trial court in the face of a court order prohibiting payment of the policy proceeds to the named insured. Because life insurers are held to the same standard as other insurers, we find that discharge in interpleader does not automatically protect the interpleading party from further litigation on issues not determined in the interpleader action; and that the trial court properly entered summary judgment because reasonable persons would not reach different conclusions from the facts.

## FACTS

In 1970, the appellee/counter-appellant, Atlas Life Insurance Company (Atlas) issued a group health insurance policy to the University of Oklahoma which insured the life of Nadine J. Roach (insured) for $35,-000.00. When the policy was issued, the insured was married to Robert Henry Roach (Roach), appellant/counter appellee, the named beneficiary under the policy. Although the insured and Roach were divorced, Roach remained the policy beneficiary.

The insured died on December 3, 1980. The terms of the policy dictated that Atlas receive a notice of the death of the insured from the University and a death certificate before disbursement of policy proceeds. Before Atlas received either, it was served with an order from the Oklahoma County District Court dated December 30, 1980, precluding payment of the policy. On March 10, 1981, Atlas received the death certificate and the notice of death which contained a comment that the status of Roach as beneficiary had been questioned.

On February 8, 1982, the administratrix of the insured's estate filed an action in district court seeking payment of the policy proceeds to the estate, alleging that Roach was not the intended beneficiary of the life insurance policy. Atlas answered, acknowledging the existence of the policy, its willingness to pay the appropriate beneficiary, and noting that it was under an outstanding court order not to disburse the funds. Roach appeared pro se.

On April 15, 1982, thirteen months after receiving the notification of death, Atlas interplead the policy proceeds and filed a motion to dismiss. The motion was granted on June 25, 1982. In the same order, the trial court granted the administratix's motion for summary judgment, and it awarded the policy proceeds to the estate finding that Roach was not the beneficiary of the policy. Roach appealed the entry of summary judgment in favor of the administratrix, but he did not appeal the dismissal of Atlas as a party to the suit. While the appeal was pending, the trial court ordered a final accounting and payment of the interplead fund to the estate. Roach filed a motion to stay the payment of insurance proceeds until final adjudication of the controversy in the probate court which was overruled.

On February 21, 1984, the Court of Appeals reversed, finding that a material issue of fact existed concerning the insured's intended beneficiary. On September 5, 1984, Roach filed a motion in district court requesting that the administratrix deposit the proceeds with the Court Clerk until a determination of the case was made on remand. On September 12, 1984, the administratrix dismissed the cause of action filed February 8, 1982. The trial court dismissed Roach's motion for lack of jurisdiction, and no action was taken on remand.

On July 17, 1986, Roach brought this action alleging that Atlas had breached its duty to defend in good faith and to deal fairly with its insured. On October 2, 1986, Atlas moved for summary judgment which was granted on November 15, 1986. The

Court of Appeals reversed, finding that material facts were in dispute concerning the intended policy beneficiary. The Court of Appeals also indicated that it found no reason why Roach should not be paid pursuant to the contract.[1] We granted certiorari on December 1, 1988, to treat the question of first impression.

## I

A FINAL ORDER IN AN INTERPLEADER ACTION DISMISSING THE INTERPLEADER DISCHARGES THAT PARTY FROM ALL LIABILITY ON THE DISPUTED FUND.

DISCHARGE IN INTERPLEADER DOES NOT AUTOMATICALLY PROTECT THE INTERPLEADING PARTY FROM FURTHER LITIGATION ON ISSUES NOT DETERMINED IN THE INTERPLEADER ACTION.

## A

■ An insurer's implied-in-law duty of good faith and fair dealing extends to all types of insurance companies and insurance policies.[2] However, the insurer's duty to deal fairly and act in good faith is limited. It does not extend to every party entitled to payment from insurance proceeds. There must be either a contractual or statutory relationship between the insurer and the party asserting the bad faith claim before the duty arises.[3] The beneficiary of a life insurance contract meets both criteria for assertion of the right. A third-party beneficiary contract exists if the proceeds of an insurance policy are payable to third persons.[4] Title 15 O.S. 1981 § 29 provides that a contract, made expressly for the benefit of a third person, may be enforced at any time before the parties thereto rescind it. Before recession, third party beneficiaries are entitled to enforce any contract made for their benefit.[5]

■ In *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912 (Okla.1982), the Court recognized the long-standing duty of fair dealing with both the insured and third parties. The Court said:

"Our determination that the duty of fair dealing extends to both the insured and third parties, and that the duty has been recognized for an extended period in the jurisdiction is fatal to the appellants' contention that *Christian v. American Home Assur. Co.*, 577 P.2d 899 (Okla. 1977), should not be applied retroactively to this action. The duty was acknowledged prior to *Christian* in the jurisdiction and had simply not appeared in the published appellate decisions asserted by an insured."

1. See, *Pepper v. Peacher*, 742 P.2d 21, 26 (Okla. 1987) in which the appellant, as the administrator of the estate of his deceased wife, brought an action against her former husband who was the named beneficiary on her teacher's retirement fund account. In *Pepper*, the former husband was allowed to collect the proceeds. Although inapplicable to the present case, it should be noted that under current statutory law, the death benefit in favor of a divorced spouse is revoked upon divorce. Title 15 O.S.Supp.1987 §.178 provides in pertinent part:
"A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements and other contracts designating a beneficiary of any right, property or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked ..."

2. *Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1226 (Okla.1988); *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583, 588 (Okla.1981).

3. *Allstate Ins. Co. v. Amick*, 680 P.2d 362, 364 (Okla.1984); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 911–12 (Okla.1982).

4. *Zahn v. Gen. Ins. Co.*, 611 P.2d 645, 647 (Okla. 1980); *Christian v. Metropolitan Life Ins. Co.*, 566 P.2d 445, 448 (Okla.1977). See also, 1 R. Anderson, "Couch on Insurance 2d," p. 8–9, § 1:4 (2d ed. 1984).

5. Title 15 O.S.1981 § 29 provides:
"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

The failure to afford a cause of action for bad faith to the beneficiary of a life insurance policy would negate a substantial reason for the insured's purchase of the policy —the peace of mind and security which it provides in the event of loss.[6] An action for breach of the duty of good faith and fair dealing lies in favor of a policy beneficiary against a life insurance company.

## B

Roach admits that the dismissal under interpleader is final, and that he is barred from bringing an action on the contract. However, he alleges that the finality of the interpleader action does not bar recovery for a bad faith breach of the insurance contract under *Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okla. 1977). Atlas argues that once its dismissal in interpleader became final, it was discharged from all liability to either of the parties on any theory of recovery.

■ The effect and validity of a judgment are governed by the law in force when the judgment is rendered.[7] Therefore, 12 O.S. 1981 § 238[8] controls the effect of Atlas's discharge in interpleader. Section 238 provided an avenue by which an insurer facing multiple claims in a contract action, but claiming no interest in the subject of the action, could avoid multiple litigation as a result of conflicting claims.[9] The regulating statute provided that once

the interpleading party complied with the court order for the payment of the questioned funds, the party "shall be discharged from all liability to either of the other parties in respect to the subject of the action."

■ The language of § 238 stated that the interpleading party was discharged from all liability *on the subject of the action.* Because the administratrix's action was premised on contractual liability, the order dismissing Atlas from the original action constituted a finding that Atlas was no longer *contractually* liable to either party for payment of the insurance proceeds. Section 238 does not say that the interpleading party is to be discharged from all liability, but only that it is to be discharged from liability regarding the subject of the action. Just as the Legislative mandate is clear that the discharge in interpleader protects the interpleading party from further litigation on the contractual issue, it is also apparent that § 238 was intended to protect the interpleader from liability only on the issue actually litigated in the interpleader action. Originally, the only issue before the trial court in the original action concerned Atlas's contractual liability, and at that time the question of possible bad faith had not arisen. Pursuit of a second remedy based upon the tort of bad faith was not barred by Atlas's dismissal from contractual liability.[10]

---

6. See, *McCorkle v. Great Atlantic Ins. Co.*, note 2, supra. See also, *Christian v. American Home Assurance Co.*, 577 P.2d 899, 903 (Okla.1977).

7. *Timmons v. Royal Globe Ins. Co.*, 713 P.2d 589, 594 (Okla.1985).

8. Title 12 O.S.1981 § 238 provides in pertinent part:

"Upon affidavit of a defendant, before answer, in any action upon contract ... that some third party ... has or makes a claim to the subject of the action, and that he is ready to pay or dispose of the same, as the court may direct, the court may make an order for the safekeeping, or for the payment, or deposit in court or delivery of the subject of the action, to such persons as it may direct ... If such third party appear, he shall be allowed to make himself defendant in the action, in lieu

of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action ..."

Section 238 was repealed when the Oklahoma Pleading Code was enacted. Interpleader is now governed by 12 O.S.Supp.1984 § 2022.

9. See, *Mid–Central Towing Co. v. Nat'l Bank*, 348 P.2d 327, 329 (Okla.1959). See also, *Waggoner v. Johnston*, 408 P.2d 761, 765 (Okla.1965).

10. This is not a situation similar to the one found in *Schoeman v. New York Life Ins. Co.*, 106 Wash.2d 855, 726 P.2d 1, 4–5 (1986), in which the order dismissing the interpleading party indicated that the insurer was to be discharged from "any and all liability to all parties." Here, the order of the trial court simply granted Atlas's motion to dismiss once the disputed funds were interpled.

Title 12 contains both § 238 and the provision by which Roach might have asserted his bad faith claim, 12 O.S. 1981 § 273.1.[11] Provisions in the same statutory scheme should be given a construction which will result in harmonizing the provisions and giving reasonable effect to both sections without doing violence to either. Where two constructions are possible, the one avoiding conflict is preferable to one, although reasonable, which leads to the conclusion that a conflict exists.[12] Section 273.1 provides that a defendant "may assert a claim against another party to the action." The Legislature's use of the term "may" indicates that the decision to assert a cross-claim is permissive in nature.[13] Failure to assert such a claim will not bar a subsequent suit even if the claim arose out of the transaction or occurrence that is the subject of the original action.[14] Although Roach might have asserted bad faith through the use of the cross-claim statute, failure to assert the right did not bar a subsequent action for bad faith. Any other construction would cause unnecessary conflict between § 238 which governs only the subject of the action, and § 273.1 which makes institution of the cross-claim permissive.[15]

**11.** Title 12 O.S.1981 § 273.1 provides in pertinent part:
 "A. A defendant may assert a claim against another party to the action within the time he has to answer, and with permission of the court he may assert a claim against another party to the action after the answer date has expired ..."
 Section 273.1 was repealed with the enactment of the Oklahoma Pleading Code. Title 12 O.S. Supp.1985 § 2013(G) now governs the institution of cross-claims. Section 2013(G), like its predecessor § 273.1, contains permissive language indicating that institution of a cross-claim remains discretionary.

**12.** *Indep. School Dist. No. 89 v. Oklahoma City Federation of Teachers, Local 2309,* 612 P.2d 719, 722 (Okla.1980); *Forston v. Heisler,* 341 P.2d 252, 255 (Okla.1959).

**13.** *State ex. rel. Cartwright v. Oklahoma Natural Gas Co.,* 640 P.2d 1341, 1345 (Okla.1982); *Shea v. Shea,* 537 P.2d 417, 418 (Okla.1975).

## II

ENTRY OF SUMMARY JUDGMENT ON THE ISSUE OF BAD FAITH BREACH OF AN INSURANCE CONTRACT WAS NOT ERROR BECAUSE REASONABLE PERSONS WOULD NOT REACH DIFFERENT CONCLUSIONS FROM THE UNDISPUTED FACTS.

Even when basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts. Summary judgment is appropriate only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[16]

Although we find that the finality of an interpleader action does not *ipso facto* bar recovery for a subsequent bad faith breach of contract, the order preventing the insurance company from disbursing the policy proceeds placed the insurer under a court ordered disability. Obviously, under these facts, reasonable persons would not differ on the question of whether Atlas exercised good faith in settling the insur-

**14.** See, Fraser, "Counterclaims, Cross–Claims, and Third–Party Claims under the Oklahoma Pleading Code", 39 Okla.L.Rev. 1, 12 (1986). Although this article discusses provisions of the Oklahoma Pleading Code effective November 1, 1984, both 12 O.S.1981 § 273.1 and its successor 12 O.S.Supp.1984 § 2013(G) provide a party to an action "may" assert a cross-claim.

**15.** The beneficiary cannot be held to have split his cause of action by first suing on the contract and later bringing an action for breach of the implied covenant of good faith and fair dealing. Roach did not institute the first action. The only party-plaintiff to the action was the administratrix of the insured's estate. See, *State v. N. American Life Ins. Co.,* 203 Okl. 672, 225 P.2d 796, 798 (1950): *Empire Oil & Refining Co. v. Chapman,* 182 Okl. 639, 79 P.2d 608, 610 (1938).

**16.** *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988).

ance claim. The trial court properly entered summary judgment.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

HARGRAVE, C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON, SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in judgment.

SIMMS, J., concurs in part; dissent in part.

SIMMS, Justice, concurring in part; dissenting in part:

I concur in the majority opinion insofar as it affirms the trial court's judgment in favor of Atlas. I dissent, however, to the creation, by dicta, of an extension of an insurer's duty of good faith and fair dealing beyond the current legal parameters by giving a third party beneficiary, who is not a direct party to the contract, a *Christian* cause of action. The majority defeats the very purpose for which the interpleader statute was enacted.