Dear Senate Long
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Does 59 O.S. 1036 (1989), relating to the licensing ofinspectors, supersede the provisions found in 59 O.S. 1016and 59 O.S. 1693 (1981), as amended, relating to thelicensing of municipal plumbing and electrical inspectors?
¶ 1 The newly promulgated 59 O.S. 1036 (1989) sets forth inspector licensing requirements for certification by the State. It gives the Commissioner of Health the authority to certify and license Oklahoma inspectors who have met two designated requirements. These two requirements are certification or licensing by an approved program or entity, and certification that the applicant has passed the required examination. In particular, 59 O.S. 1036, reads as follows:
 A. Except as provided in subsection B of this section, after February 1, 1990, applicants for certification and license shall:
 1. show proof of certification or licensing by a program or governmental entity approved by the State Board of Health; or
 2. have been certified by the Committee as having passed the examination.
 The Commissioner shall issue a license to any person who has met the requirements of paragraph 1 or 2 of this subsection and who has paid the fees required by the Oklahoma Inspectors Act and has otherwise complied with the applicable requirements of the Oklahoma Inspectors Act. Provided, the Commissioner may issue a provisional license limited to one (1) year to enable an applicant to meet the certification requirements of this subsection.
 B. The Commissioner shall issue a license without examination to all applications who were employed by any political subdivision as building and construction inspectors prior to February 1, 1990, and who make proper application and payment of fees prior to February 1, 1990, as provided for in the Oklahoma Inspectors Act, and submit notarized affidavits from a state or municipal official verifying employment as a building and construction inspector.
¶ 2 The above delineated state requirements for inspector licensing apply to all inspectors in Oklahoma. The Act by its language anticipates that municipal plumbing or electrical inspectors must meet state licensing provisions. For example, the Act is entitled the "Oklahoma Inspectors Act." 59 O.S. 1031
(1989). Furthermore, 59 O.S. 1033 (1989) defines the term "building and construction inspector" to include plumbing and electrical inspectors. Finally, 59 O.S. 1032 (1989), also part of the Act, names the State Board of Health as the entity to govern the examination and licensing of among others, electrical and plumbing inspectors. 59 O.S. 1032 (1989).
¶ 3 While the newly promulgated statutes set forth state requirements for a license as an inspector, other statutes address municipal inspector positions. For example, 59 O.S.1016 (1981) establishes the office of municipal plumbing inspector and sets forth the requirements for qualifying for that position as follows:
 Said plumbing inspector shall have had not less than five (5) years practical experience at the plumbing business, and shall not be interested, either directly or indirectly, in any firm or corporation engaged in the plumbing business.
¶ 4 In similar fashion, 59 O.S. 1693 (1989) creates an office of municipal electrical inspector. The listed requirements for this office also include five years experience and no professional conflicts of interest.
¶ 5 In summary, the newly promulgated 59 O.S. 1036 sets forth the standards for inspector certification by the State. In comparison, 59 O.S. 1016 and 59 O.S. 1693 (1981), as amended, codify the necessary qualifications for applicants for the positions of municipal plumbing or electrical inspectors. Consequently, the issue to be addressed is whether municipal inspectors must meet the statutory requirements for 59 O.S.1016 or 59 O.S. 1693, and for 59 O.S. 1036.
¶ 6 With respect to interpreting these statutes, the Oklahoma Supreme Court has recently ruled that provisions in the same statutory scheme should be given a construction which will result in harmonizing the provisions without doing violence to either.Roach v. Atlas Life Insurance Company, 769 P.2d 158 (Okla. 1989). Furthermore, where two constructions are possible, the one avoiding conflict is preferable to one, although reasonable, which leads to the conclusion that a conflict exists. Id.
¶ 7 Titles O.S. 1016, 59 O.S. 1693 and 59 O.S. 1036 are all within the same statutory scheme found in title 59. There is a construction that would harmonize these statutory provisions. That is, the Legislature did not intend that 1036 would supersede the municipal electrical and plumbing inspector legislation. Instead, 59 O.S. 1036 provides for the state licensing requirements applicable to all inspectors, including municipal inspectors. It does not affect the qualifications for municipal offices set forth in 59 O.S. 1693 and 59 O.S. 1016. The state requirements for licensing are distinct from the municipal qualifications for office.
¶ 8 Consequently, municipal electrical and plumbing inspectors must comply with the qualifications that are specific to their office as found in 59 O.S. 1016 and 59 O.S. 1693 (1981), as amended. However, those municipal inspectors must also be licensed pursuant to 59 O.S. 1036. Indeed, it is clear the Legislature specifically contemplated that municipal inspectors would be subject to 59 O.S. 1036, as the law contains, in subsection (B), a grandfather clause which provides for the licensing of municipal inspectors without complying with the requirements of subsection (A), under some circumstances.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that municipal plumbing and electrical inspectors mustmeet the requirements of the State Inspectors Act for statelicensing. 59 O.S. 1036 (1989). They must also qualify for themunicipal positions pursuant to the indicated qualificationsfound in 59 O.S. 1016 and 59 O.S. 1693 (1981), as amended.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA BRITA HAUGLAND ASSISTANT ATTORNEY GENERAL