2009 OK CIV APP 29

Susan **ELLIS,** Plaintiff/Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY,** Defendant/Appellee,

and

**Rick Spaniol,** Defendant.

No. 106,009.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 7, 2008.

Certiorari Denied March 11, 2009.

David L. Smith, Oklahoma City, OK, for Plaintiff/Appellant.

Albert L. Tait, Jr., J. Mark McAlester, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiff/Appellant Susan Ellis (Ellis) sued Defendant Rick Spaniol[1] (Spaniol) in

---

**10.** Given this conclusion we need not reach Hunter's claims of ineffective assistance of counsel.

**1.** Defendant "Spaniol" spelled his name "Spaniel" in his pleadings, and the name was spelled "Spaniel" in most of the pleadings. However, the name was spelled "Spaniol" in the order

from which this matter is appealed, and pursuant to S.Ct. Rule 1.25, that is the spelling we will use. We also note that Ellis calls herself "Appellee" in the Petition in Error and designates Liberty Mutual as "Appellant." Liberty Mutual designates itself as "appellant" in its Response to the Petition in Error and in its Entries of Appear-

negligence for damages she received when she injured herself in a fall through a wooden deck in Spaniol's back yard. She amended her petition June 26, 2007 and added Defendant/Appellee Liberty Mutual Insurance Company (Liberty Mutual) alleging it breached a duty of good faith and fair dealing in failing to investigate, adjust, and pay her claim for medical payments under Spaniol's household insurance policy. On November 7, 2007, the trial court entered summary judgment in favor of Liberty Mutual on Ellis's claim. On June 18, 2008, the Court certified the order for review pursuant to 12 O.S.2001 § 994 (A). We affirm.

¶2 Liberty Mutual filed a Motion to Dismiss[2] October 3, 2007 and attached a copy of the homeowner's policy issued by Liberty Mutual to Spaniol to the Motion as an exhibit. Liberty Mutual stated that there were two liability coverage sections: one affording personal protection to homeowner Spaniol, and the other, the one at issue in the case at bar, **COVERAGE F—Medical Payments to Others.** Liberty Mutual further admitted that Ellis conformed to the requirements of Coverage F–Medical Payments to Others, in that (1) there was no dispute that Spaniol was the insured; (2) Ellis had permission to be on the premises at the time of the injury; and (3) Ellis was not a regular resident of the household at the time of the accident.

¶3 Plaintiff claims that Spaniol, through Liberty Mutual, has not paid her claim. It appears from the record in this case that Liberty Mutual is prepared to do this.

¶4 However, Ellis contends that she has standing to sue Liberty Mutual directly as a third-party beneficiary under Spaniol's homeowner's policy for breach of the duty of good faith and fair dealing. Ellis relies on *Townsend v. State Farm Mutual Automobile Insurance Company*, 1993 OK 119, 860 P.2d 236, in support of her position. That case, however, did not extend privity to someone who was not connected to the insured either by contract or statute. In *Townsend*, the Oklahoma Supreme Court held that an insurer had a duty to act in good faith and deal fairly with its insureds' class 2 insured passenger covered by the named insured's uninsured motorist policy.

¶5 However, the rule maintains that "... the insurer's duty to deal fairly and act in good faith is limited. It does not extend to every party entitled to payment from insurance proceeds. There must be either a contractual or statutory relationship between the insurer and the party asserting the bad faith claim before the duty arises." *Roach v. Atlas Life Insurance Company*, 1989 OK 27, ¶8, 769 P.2d 158, 161. The record does not reveal, and Ellis does not assert, a contractual or statutory relationship with Liberty Mutual. Her status was one of third-party claimant under the policy. See *Gianfillippo v. Northland Casualty Company*, 1993 OK 125, 861 P.2d 308.

¶6 The trial court's order with respect to an independent cause of action by Ellis for bad faith against Liberty Mutual was properly dismissed.

¶7 AFFIRMED.

MITCHELL, V.C.J., and BELL, J., concur.

---

ances. We have corrected these scrivenor's errors.

**2.** Liberty Mutual's October 3, 2007 motion is entitled "Response and Objection of Defendant, Liberty Mutual Insurance Company, to Plaintiff's Motion to Compel and Motion to Dismiss."