OSCN Found Document:Questions Submitted by Kyle Counts, Executive Director, Oklahoma Pardon and Parole Board

 

 
 Questions Submitted by Kyle Counts, Executive Director, Oklahoma Pardon and Parole Board
2025 OK AG 21
Decided: 12/19/2025
ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 21, __ P.3d __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:

1. Under title 57, section 332.18 of the Oklahoma Statutes, is the Executive Director of the Pardon and Parole Board authorized to place an inmate on a medical parole docket pursuant to a request made by any party other than the Director of the Department of Corrections?

2. Under section 332.18(B), is the Executive Director of the Pardon and Parole Board mandated or permitted to place an inmate "who is dying," "near death," "medically frail," "medically vulnerable," or "whose medical condition . . . render[s] the inmate no longer an unreasonable threat to public safety", on a medical parole docket in the absence of a request from the Director of the Department of Corrections?

I.
SUMMARY

¶1 The DOC Director possesses sole authority to request that an inmate be placed on the medical parole docket. The Executive Director of the Pardon and Parole Board ("PPB") may not place an inmate on a medical parole docket without first receiving this request. Further, the PPB Executive Director is not mandated, and does not have the authority, to place an inmate "who is dying," "near death," "medically frail," "medically vulnerable," or "whose medical condition . . . render[s] the inmate no longer an unreasonable threat to public safety", on a medical parole docket absent a request from the DOC Director.

II.
BACKGROUND

¶2 The Governor, on the PPB's recommendation, has the constitutional authority to grant parole to persons convicted of criminal acts. OKLA. CONST. art VI, § 10; 57 O.S.2021, § 332

¶3 In accordance with the Oklahoma Constitution, the Legislature created a framework for determining when an inmate is eligible for parole consideration. See 57 O.S.Supp.2022, § 332.7

The Director of the [DOC] shall have the authority to request the Executive Director of the [PPB] to place an inmate on the [PPB] docket for a medical reason, out of the normal processing procedures. Documentation of the medical condition of such inmate shall be certified by the medical director of the [DOC]. The [PPB] shall have the authority to bring any such inmate before the Board at any time, except as otherwise provided in subsection B of this section.

57 O.S.2021, § 332.18

When a request is made for a medical parole review of an inmate who is dying or is near death or is medically frail or is medically vulnerable as defined in subsection F of this section as certified by the medical director of the Department of Corrections or whose medical condition has rendered the inmate no longer an unreasonable threat to public safety, the Executive Director shall place such inmate on the first available parole review docket for a compassionate parole consideration. Inmates who meet the criteria set out in this section are not subject to the two-stage hearing process in subsection D of Section 332.7 of this title.

¶4 57 O.S.2021, § 332.1857 O.S.2021, § 332.18

¶5 Crucially, the 2021 amendment did not change the three-step process for determining medical parole eligibility under subsection B, including the need for a request from the DOC Director. See 57 O.S.2021, § 332.18[1] First, an inmate must be dying, near death, medically frail, medically vulnerable, or have a medical condition that has rendered the inmate no longer an unreasonable threat to public safety as defined in title 57, section 332.18(F). Second, the inmate's condition must be certified by the DOC medical director. Third, the DOC Director must request that the PPB Executive Director place the inmate on the PPB's docket based on these medical reasons. Considering the amendments to section 332.18 and recent calls for an expansive interpretation of the medical parole statute, you asked this office to interpret the parameters of the medical parole statute.

III.
DISCUSSION

A. Only the DOC Director may trigger the medical parole docket.

¶6 At the core of your question is who has the authority to place an inmate on the PPB's medical parole docket and what event triggers that authority. "The goal of any inquiry into the meaning of a statutory enactment is to ascertain and give effect to the intent of the legislature." Yocum v. Greenbriar Nursing Home, 2005 OK 27130 P.3d 213Brisco v. State ex rel. Bd. of Regents of Agric. & Mech. Colls., 2017 OK 35394 P.3d 1251Roach v. Atlas Life Ins. Co., 1989 OK 27769 P.2d 158see also Sharp v. Tulsa Cnty. Election Bd., 1994 OK 104890 P.2d 836Galbraith v. Galbraith, 2024 OK 43550 P.3d 942

¶7 Weighing section 332.18's legislative scheme in its entirety, it is clear that the DOC Director is granted exclusive authority to request that the PPB Executive Director place an inmate on the PPB's docket for a medical reason. See 57 O.S.2021, § 332.18shall have the authority to request the Executive Director of the [PPB] to place an inmate on the Pardon and Parole Board docket for a medical reason, out of the normal processing procedures." (emphasis added)).

¶8 Once the DOC Director requests the PPB to consider an inmate for medical parole under subsection A, the PPB has discretion over when to bring the inmate before the PPB unless the inmate falls under subsection B. 57 O.S.2021, § 332.18only "[w]hen a request is made," and the inmate "is dying or is near death or is medically frail or is medically vulnerable . . . or whose medical condition has rendered the inmate no longer an unreasonable threat to public safety." Id. § 332.18(B).

¶9 Although subsection B does not specify who must make the request for this subset of medical parole cases, it is clear from subsection A that the DOC Director must make all medical parole requests under section 332.18. Subsections A and B must be read together. See Sharp, 1994 OK 104Galbraith, 2024 OK 43

¶10 Subsection B does nothing more than require the PPB to prioritize an inmate on the next available parole docket when the inmate meets the necessary criteria. In contrast, subsection A requires the PPB to add an inmate to a parole docket at any time after the DOC Director requests. 57 O.S.2021, § 332.18Id. § 332.18(A), (B). Consequently, the PPB Director may not place an inmate on a medical parole docket on request by anyone other than the DOC Director.

B. The Executive Director of the Pardon and Parole Board cannot place on the medical parole docket an inmate "who is dying," "near death," "medically frail," "medically vulnerable," or "whose medical condition . . . render[s] the inmate no longer an unreasonable threat to public safety," without the request of the DOC Director.

¶11 Additionally, you asked whether the PPB Executive Director, in the absence of a request from the DOC Director, must place an inmate "who is dying," "near death," "medically frail," "medically vulnerable," or "whose medical condition . . . render[s] the inmate no longer an unreasonable threat to public safety", on a medical parole docket. 57 O.S.2021, § 332.18

¶12 As previously explained, although subsection B's phrase "[w]hen a request is made for a medical parole review" does not specify who must make the request, subsection A makes clear that it is the DOC Director who possesses that authority. Subsection A and B must be read together. See Sharp, 1994 OK 104Galbraith, 2024 OK 43

¶13 Reading the medical parole statute as a whole, section 332.18 reveals the three-step process, as explained above, before the PPB Executive Director may act. Once this three-step process has been completed, then the PPB Executive Director must place the inmate on the first available medical parole review docket. 57 O.S.2021, § 332.18

¶14 Your opinion request also seeks clarity on whether the Legislature's grant of authority to the DOC Director to request that an inmate be considered for medical parole unconstitutionally infringes upon the executive branch's parole authority under article VI, section 10, of the Oklahoma Constitution. In 2013, this office concluded an amendment to section 332.18 did not violate article VI, section 10 because the Legislature "establishe[d] procedural requirements governing eligibility for parole consistent with the Legislature's authority to establish a minimum mandatory period of confinement." See 2013 OK AG 19

¶15 Statutes are presumed to be constitutional. Spearman v. Williams, 1966 OK 33415 P.2d 597Ex parte Ridley, 1910 OK CR 5106 P. 549

¶16 At bottom, section 332.18 establishes a pathway for parole based on medical hardship and how parole applications for medical parole may be made. The choice to initiate the medical parole process by requiring a request from the DOC Director falls within the Legislature's power. Ultimately, the PPB still has authority to recommend parole, and the Governor still has the final decision to grant parole. Simply put, subsections A and B prioritize how an application for medical parole is made and when the PPB should consider that application.

¶17 It is, therefore, the official Opinion of the Attorney General that:

1. The DOC Director has the sole authority to request that an inmate be placed on the medical parole docket. The PPB Executive Director does not have discretionary authority to place an inmate on a medical parole docket without first being requested to do so by the DOC Director.

2. Without the request of the DOC Director, the PPB Executive Director is not mandated and has no authority to place an inmate "who is dying," "near death," "medically frail," "medically vulnerable," or "whose medical condition . . . render[s] the inmate no longer an unreasonable threat to public safety", on a medical parole docket. 57 O.S.2021, § 332.18

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

BREANNA C. GLOVER
ASSISTANT ATTORNEY GENERAL

FOOTNOTES

[1] See also Press Release, Sen. Jessica Garvin, Medical Parole Reform Passes Off Senate Floor, (Mar. 10, 2021), https://oksenate.gov/press-releases/medical-parole-reform-passes-senate-floor.